

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-81,988-02

### EX PARTE THOMAS EDWARD BETTS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F05-58299-M IN THE 194TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession with intent to deliver a controlled substance, and originally received five years' deferred adjudication community supervision. His guilt was later adjudicated and he was sentenced to imprisonment for fifteen years.

When this Court originally received Applicant's application, the trial court had entered an order designating the issue of whether Applicant had received effective assistance of trial counsel, but had not resolved that issue before the deadline for forwarding the application had passed.

Therefore, on September 17, 2014, this Court remanded to the trial court to give that court the opportunity complete an evidentiary investigation and enter findings of fact and conclusions of law. This Court's remand order also noted that there was a question regarding the timeliness of the adjudication of guilt in this case.

The record indicates that Applicant pleaded guilty in exchange for five years' deferred adjudication community supervision on August 4, 2006. The record also indicates that the State filed an "amended" motion to revoke Applicant's community supervision on August 3, 2011, which eventually led to the adjudication of guilt on May 16, 2013. The record did not show whether Applicant's five-year period of deferred adjudication community supervision had been extended at some time before the final adjudication. Nor did the habeas record did not show whether a capias was issued for the arrest of Applicant before the five-year period of deferred adjudication had expired.

On August 19, 2015, this Court received the supplemental record after remand. The supplemental record contained an affidavit from Applicant's trial counsel and findings of fact and conclusions of law from the trial court. Those documents are sufficient to address Applicant's ineffective assistance of trial counsel claims. However, the supplemental record does not contain any further information regarding the timeliness of the motion to adjudicate Applicant's guilt. Therefore, we again remand this application to the 194th District Court of Dallas County.

The trial court shall make findings of fact as to whether Applicant's original five-year period of deferred adjudication community supervision was modified or extended at any time before the final adjudication of guilt. If such modifications or extensions were made, the trial court shall supplement the habeas record with any documents showing such modifications or extensions. The trial court shall also supplement the record with a copy of the capias issued for Applicant's arrest

before his final adjudication.  The trial court shall make findings of fact and conclusions of law as to whether the capias was issued before the period of deferred adjudication community supervision had expired in this case.

This application will be held in abeyance until the trial court has resolved the fact issues.  The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: September 16, 2015
Do not publish